**Donna MCCUISTON, Rick Miazga, and Ava Miller, Plaintiffs,**

v.

**James P. HOFFA; C.B. Conder a/k/a "Doc" Conder; and International Brotherhood of Teamsters, AFL–CIO, a Labor Organization, Defendants.**

**No. Civ. 04–70047.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 20, 2004.

Barbara M. Harvey, Detroit, MI, for Plaintiffs.

Wayne A. Rudell, Dearborn, MI, for Defendants.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs move for reconsideration of my opinion of July 2, 2004, or in the alternative, for leave to amend their complaint. For the reasons stated below, I GRANT the motion for reconsideration and reinstate Plaintiffs' claim for breach of duty of fair representation under the National Labor Relations Act (NLRA), 29 U.S.C. § 159(a). I therefore DENY the motion for leave to amend the complaint.

## ANALYSIS

Previously, I ruled that a claim for the breach of duty of fair representation must be brought under the Labor Management Relations Act (LMRA) and could not be brought under the NLRA. For this proposition, I relied on *Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry*, 494

U.S. 558, 564, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990), and the Sixth Circuit case of *Journeymen Pipe Fitters Local 392 v. National Labor Relations Board,* 712 F.2d 225, 228 (6th Cir.1983), which stated that "an employee who has not been fairly represented may seek relief in more than one forum: he or she may bring an action in federal court under § 301 of the Labor–Management Relations Act, 29 U.S.C. § 185, or may obtain relief before the [National Labor Relations] Board."

Plaintiffs argue that a duty of fair representation claim can be properly brought under the NLRA, and 28 U.S.C. § 1337 is the basis for jurisdiction over those actions. In support, Plaintiffs cite *Breininger v. Sheet Metal Workers Intern. Ass'n Local Union No. 6.* 493 U.S. 67, 110 S.Ct. 424, 107 L.Ed.2d 388 (1989), and *Storey v. Local 327, International Brotherhood of Teamsters,* 759 F.2d 517 (6th Cir.1985). In *Breininger,* the Court stated that "independent federal jurisdiction exists over fair representation claims because the duty is implied from the grant of exclusive representation status, *and the claims therefore "arise under" the NRLA."* (emphasis mine). *Id.* at 83. In *Storey,* where the plaintiffs claimed the union had changed the results of a membership vote on the proposed collective bargaining agreement, the Sixth Circuit held that "Section 301 [of the LMRA] does not provide the only exception to the rule that the [National Labor Relations] Board has exclusive jurisdiction," and stated that 28 U.S.C. 1337 offers another basis for jurisdiction in the federal courts. 759 F.2d 517 at 522.

Therefore, because Plaintiffs do state a claim for which relief can be granted in asserting the breach of duty for fair representation under the NLRA, their claim should be reinstated.

## CONCLUSION

Plaintiffs' Motion for Reconsideration is GRANTED and the third count of the Complaint is reinstated. Plaintiffs' Motion to Amend Their Complaint is DENIED.

**IT IS SO ORDERED.**